PATRICK E. STANTON, an Infant, by BEATRICE STANTON, His Guardian ad Litem, et al., Respondents, v. TAMI AMI REALTY COMPANY, INC., et al., Appellants.— Judgment affirmed, with costs. No opinion. Present — Peck, P. J., Cohn, Breitel, Bastow and Botein, JJ.; Breitel, J., dissents and votes to reverse and dismiss the complaint in the following memorandum: Infant plaintiff was guilty of contributory negligence and his testimony was incredible as a matter of law when he stated that he looked and saw what was not there. Moreover, infant plaintiff was, as to the elevator and its appurtenances, a trespasser who, under the circumstances, was obligated to use more than ordinary care to prevent injury to himself or damage to the property of another. He knew that he was using the elevator without permission and that it was being used by him without the supervision or control of the attendant employed for that purpose. Common sense dictated that he look carefully before he used what, he believed, was an unattended facility. This is utterly unlike the situation of a tenant or invitee who assumes that the elevator and its appurtenances are being conducted with due regard to the safety of passengers and that the operator of the elevator is likewise conducting himself with due regard to the safety of passengers. It is inconceivable that infant plaintiff looked through the open shaftway door with

even the care of an ordinary passenger, let alone the care due from a person who seizes a passenger elevator, normally operated by an attendant, because the attendant is not instantly available. Assuming infant plaintiff did look, and was in proper condition to see, as we must assume he was, it is equally inconceivable that he could not see that there was no elevator at the landing.